UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ATLANTIC CASUALTY INSURANCE CO.,

                           Plaintiff,

                -against-

TORRES CUSTOM FRAMING CORP.,
MIGUEL CARDENAS, BLANCA CALDAS,
FULLAM ENTERPRISES, INC., and
PAVILION INVESTORS I, LLC,

                        Defendants.
--------------------------------------------------------X

**<u>ORDER</u>**

14-CV-5306 (SJF)(ARL)

FEUERSTEIN, J.

       Plaintiff, Atlantic Casualty Insurance Company, commenced this action for a declaratory judgment that it is not obligated to provide coverage to any party in an underlying state personal injury action. Plaintiff's unopposed summary judgment motion is granted.

I.     **Background**

     *A.*     ***Factual Background***

       From December 9, 2013 to December 9, 2014, Atlantic Casualty Insurance Company ("Atlantic Casualty" or "Plaintiff") provided insurance to Torres Custom Framing Corporation ("Torres") pursuant to insurance policy number L068015845 that listed Torres as the named insured (the "Policy"). [DE 23, Rule 56.1 Statement, at ¶ 2]. The Policy provided that Atlantic Casualty "will pay those sums that the insured [Torres] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." [DE 22, Motion for Summary J. ("Motion"), Ex. 5, at ACIC 00021]. It excluded coverage for any

"bodily injury" that any Torres employee may sustain in the course of his employment (the

"Employee Exclusion").  *Id.* at ACIC 00021.  The Employee Exclusion stated that:

> *This insurance does not apply to:*
>
> > **(i)**  *"Bodily injury" to any "employee" of any insured arising out of or in the course of;*
> > **(a)** *Employment by any insured; or*
> > **(b)** Performing duties related to the conduct of any insured's business . . .
> > **(ii)**  *"Bodily injury" sustained by any spouse*, child, parent, brother or sister *of any "employee" of any insured*, . . .  *as a consequence of any injury to any person as set forth in paragraphs **(i)** and **(ii)** of this endorsement.*
>
> *This exclusion applies to all claims and "suits" by any person or organization for damages because of "bodily injury" to which this exclusion applies including damages for care and loss of services.*
>
> This exclusion applies to any obligation of any insured to indemnify or contribute with another because of damages arising out of "bodily injury" to which this exclusion applies, including any obligation assumed by an insured under any contract.
>
> With respect to this endorsement only, the definition of "Employee" in the **SECTION V – DEFINITIONS** is replaced by the following:
>
> > "Employee" shall include, but is not limited to, any person or persons hired, loaned leased, contracted, or volunteering for the purpose of providing services to or on behalf of any insured, whether or not paid for such services and whether or not an independent contractor.

*Id.* at ACIC 00036 (emphasis added).  On January 9, 2014, Miguel Cardenas ("Mr. Cardenas"), a

Torres employee, was injured while working on a construction project (the "Project") for Fullam

Enterprises, Inc. ("Fullam") and Pavilion Investors I, LLC ("Pavilion"), which had contracted

with Torres for the Project.  [DE 23, Rule 56.1 Statement, at ¶¶ 5-6].

### B.    *Procedural Background*

On January 28, 2014, Cardenas and his wife, Blanca Caldas ("Ms. Caldas"), filed an

action in New York state court seeking damages arising out of Mr. Cardenas's injury (the

"Underlying Action"). *See Cardenas, et al. v. Fullam Enterprises, Inc., et al.*, Index No. 2253/14 (N.Y. Sup. Ct. Jan. 28, 2014) (Compl.); DE 22, Ex. J. Mr. Cardenas seeks damages for his injury; Ms. Caldas seeks damages for the loss of consortium and expenses incurred in her husband's treatment. [DE 22, Ex. J, at ACIC 00125]. On May 2, 2014, Fullam and Pavilion commenced a third-party action against Torres for indemnification and contribution of any damages for which they may be liable to Mr. Cardenas and Ms. Caldas in the Underlying Action. *See Fullam Enterprises, Inc., et al. v. Torres Custom Framing Corp.*, Index No. 770127/14 (N.Y. Sup. Ct. May 1, 2014) (Third-Party Compl.); DE 22, Ex. L.

On September 10, 2014, Atlantic Casualty commenced this action seeking a declaratory judgment that:

> [I]t does not owe coverage to Torres, Fullam, Pavilion, or any other person under Atlantic Casualty Policy No. L068015845 (the "Policy") or any other policy for any claim arising out of Mr. Cardenas's alleged accident on or about January 9, 2014, including, but not limited to those claims asserted in <u>Cardenas, *et al.* v. Fullam Enterprises, Inc., *et al.*</u>, in the New York Supreme Court, [C]ounty of Suffolk, under index number 2253-2014 (the "Underlying Action").

[DE 4, Am. Compl., at ¶ 6]. On March 24, 2015, a certificate of default was issued against Torres. [DE 20, Certif. of Default].[1] Atlantic Casualty has now filed an unopposed motion for summary judgment. [DE 22, Mot. for Summary J.].

## II. Discussion

### A. *Standard of Review*

"Summary judgment must be granted where the pleadings, the discovery and disclosure materials on file, and any affidavits show 'that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Brown v. Eli Lilly & Co.*, 654

---

[1] At the time of this Order, a proposed default judgment has not been submitted to this Court, so no default judgment has been entered against Torres.

F.3d 347, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).  "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted).  "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012) (internal quotation marks omitted).

"The moving party bears the burden of establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010).  If the moving party satisfies its initial burden, "the burden shifts to the non-movant to point to record evidence creating a genuine issue of material fact." *Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006).  Even if a motion for summary judgment is unopposed, a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2011).  Only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, [is] there . . . no genuine issue for trial," thus meriting summary judgment.  *Ricci v. DeStefano*, 557 U.S. 557, 586, 129 S. Ct. 2658, 174 L. Ed. 2d 490 (2009) (quotation marks and citation omitted).

### B.    *Interpretation of Insurance Contracts*

Under New York law, the interpretation of a contract "is a matter of law for the court to decide." *Int'l Multifoods Corp. v. Comm. Union Ins. Co.*, 309 F.3d 76, 83 (2d Cir. 2002).

Construction of an insurance policy "is governed by the rules of construction applicable to contracts generally," *see Christiania Gen. Ins. Corp. of New York v. Great Am. Ins. Co.*, 979 F.2d 268, 274 (2d Cir. 1992), and "an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract," *see Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir. 2006) (citation and internal quotation marks omitted). Summary judgment may be granted where the words of a contract "convey a definite and precise meaning absent any ambiguity." *Seiden Assocs., Inc. v. ANC Holdings*, 959 F.2d 425, 428 (2d Cir. 1992). When an insurer seeks to invoke an exclusionary clause in a contract to disclaim coverage, it has the burden of demonstrating that the exclusion applies "in clear and unmistakable language," which is "subject to no other reasonable interpretation." *See U.S. Underwriters Ins. Co. v. Zabar*, No. 97-cv-1738, 1999 WL 441472, at *2 (E.D.N.Y. May 28, 1999).

### C. *Plaintiff is Entitled to Summary Judgment*

The language of the Employee Exclusion is unambiguous, valid, and enforceable. *See, e.g.*, *U.S. Underwriters*, 1999 WL 441472, at *3 (E.D.N.Y. May 28, 1999) (holding exclusionary clause in insurance contract disclaimed coverage for employee's work-related bodily injury); *U.S. Underwriters Ins. Co. v. Beckford*, No. 93-cv-4272, 1998 WL 23754, at *4-5 (E.D.N.Y. Jan. 20, 1998) (same). The Employee Exclusion applies "in clear and unmistakable language" to Mr. Cardenas, a Torres employee who was injured in the course of his employment, as well as Ms. Caldas, who was injured as a consequence of Mr. Cardenas's work-related injury. Pursuant to the Employee Exclusion, Atlantic Casualty therefore does not owe any coverage for the claims pleaded in the Underlying Action, and it has no duty to defend or indemnify any of the parties

for the claims asserted in the Underlying Action or in Fullam and Pavilion's third-party action against Torres.

**III.     Conclusion**

For the foregoing reasons, Atlantic Casualty's motion for summary judgment is granted. A judgment shall be entered declaring that Atlantic Casualty does not owe any coverage to, or have any duty to defend or indemnify, any party or any other person under Policy No. L068015845 or any other policy, for any claim arising out of Mr. Cardenas's January 9, 2014 injury, including but not limited to the claims asserted in the Underlying Action, *see Cardenas, et al. v. Fullam Enterprises, Inc., et al.*, Index No. 2253/14 (N.Y. Sup. Ct.), and *Fullam Enterprises, Inc., et al. v. Torres Custom Framing Corp.*, Index No. 770127/14 (N.Y. Sup. Ct.).


**SO ORDERED.**

                                             _  s/ Sandra J. Feuerstein_____
                                             Sandra J. Feuerstein
                                             United States District Judge

Dated:  November 4, 2015
           Central Islip, New York